UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10026-CR-MARTINEZ/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HARRY BACON, JR.,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the the Defendant's Motion to Suppress (ECF No. 17), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation. The Defendant is charged with two counts of possessing a firearm as a convicted felon and possession of cocaine with intent to distribute. He seeks to suppress evidence seized as the result of a search of his vehicle on April 23, 2016. The Motion is fully briefed and an evidentiary hearing was conducted on September 23, 2016.

### I. EVIDENCE PRESENTED

The Government called as its first witness Florida Highway Patrol (FHP) Trooper Jorge Orbeta. Trooper Orbeta testified that on April 23, 2016, he was on traffic patrol at Mile Marker 47 near the Seven Mile Bridge in the Florida Keys, where he was operating a stationary laser speed detector. Also present was FHP Trooper Mauricio Villanueva. Trooper Orbeta observed a white pickup truck which appeared to be speeding. The laser device indicated that the truck was traveling at 55 miles per hour in a 35 miles per hour zone. Trooper Orbeta directed the truck to a parking lot on the side of the road, and the operator (later identified as the Defendant) complied.

Trooper Orbeta asked the Defendant for his driver's license, registration and proof of insurance. Through the open driver's side window the trooper smelled the odor of burned marijuana, which he recognized based on several prior marijuana arrests and his experience as the driver of an

emergency vehicle. After the Defendant produced the requested documents, Trooper Orbeta asked Trooper Villanueva to stand by the truck while Trooper Orbeta ran a computer check of the Defendant's license. The computer check revealed that the Defendant had a prior felony conviction.

Trooper Orbeta then directed the Defendant and his passenger, the Defendant's stepson, to get out of the truck. The Trooper asked the Defendant if he had been smoking marijuana. The Defendant initially denied this, but after the Trooper advised the Defendant that he would be given a notice to appear in court, the Defendant stated that there was a half-smoked marijuana cigarette inside the vehicle next to the driver's seat. Trooper Orbeta then looked inside the truck, where he found a black pouch in the location described by the Defendant. Inside the pouch was a Kool cigarette box which contained a marijuana cigarette and a second, half burned marijuana cigarette, pictured in Government Exhibit 1.

Trooper Orbeta continued searching the truck and recovered a bag which contained some articles of clothing, prescription medication indicating it had been prescribed to the Defendant and a .380 caliber pistol. The trooper rendered the pistol safe and ran a computer check of its serial number. Trooper Orbeta then asked the Defendant about the pistol. The Defendant initially said it belonged to his stepson. The Defendant admitted that the bag and the medication belonged to him, after which he stated, "I guess you could say that the gun is mine."

On cross-examination, Trooper Orbeta testified that the Defendant had been driving with the window open. The trooper explained that he continued searching after finding the marijuana where the Defendant said it was located because he believed there could be additional contraband inside the truck.

The Government next called FHP Trooper Mauricio Villanueva, who testified that he was serving as Trooper Orbeta's backup officer on April 23, 2016. Trooper Villanueva heard the Defendant state that all he had was a "roach," and that it was located in the center console of the truck. The trooper also heard the Defendant initially state that the gun belonged to his 16 year-old stepson in Georgia, but later admit that it was his. On cross-examination, the Trooper Villanueva acknowledged that he did not smell the odor of marijuana until he was a few feet from the truck

window.  He also conceded that the Defendant was not advised of his Miranda rights until the gun was found.

The Defendant testified on his own behalf.  He stated that he did not think he had been speeding when he was stopped by the troopers.  He also stated that neither he nor his stepson had been smoking marijuana at the time of the stop. They had been traveling from Georgia since that morning.

According to the Defendant, Trooper Orbeta began searching his truck as soon as the Defendant and his stepson had stepped out of it.  The trooper then asked the Defendant if he had anything he wanted to tell them.  The Defendant testified that he never told Trooper Orbeta that there was a marijuana cigarette in the truck because he did not have any marijuana.  He also stated that he had been driving with the windows closed because the air conditioner was running.

On cross-examination, the Defendant testified that he would not allow his stepson to smoke marijuana in his truck, but stated that a relative[1] in Georgia had used the truck and had smoked marijuana in it.  He believed that the last time this had happened was the night before they left Georgia.  The Defendant also stated that he and his stepson had been smoking cigarettes from the same pack during the trip.  He conceded that the black pouch in which the marijuana had been found belonged to him, and speculated that the marijuana must have been placed inside the pouch by his stepson while he was vacuuming the truck.  He also speculated that someone, probably another stepson in Georgia, had put the gun inside the bag with the Defendant's clothing and prescription medication.

Regarding his admissions, the Defendant explained that Trooper Orbeta repeatedly stated that the truck was his and the bag was his, so the marijuana and the gun were his.  Eventually the Defendant conceded that he guessed you could say that the gun was his.

---

[1] During his testimony, the Defendant mentioned a stepson, a nephew and a cousin as having used his truck, and it is not clear which one of these relatives had smoked marijuana inside it.

## II. DISCUSSION

The law is clear that the automobile exception to the warrant requirement allows the police to search a vehicle if the vehicle is readily mobile and there is probable cause to search it. United States v. Lindsey, 485 F.3d 1285, 1293 (11th Cir. 2007). Moreover, the odor of marijuana in a vehicle gives rise to probable cause for a search. United States v. Johnson, 445 Fed. Appx. 311, 313 (11th Cir. 2012). The parties agree that the only issue for determination is whether the troopers truthfully testified that they smelled marijuana before initiating the search.

The undersigned finds that Trooper Orbeta and Trooper Villanueva credibly testified that they smelled the odor of marijuana emanating from the Defendant's truck before any search was initiated. The undersigned also finds the Defendant's testimony regarding the events of April 23, 2016 to be unworthy of belief, but notes that even accepting the Defendant's testimony as true, the troopers easily could have detected the odor of marijuana lingering in the truck from the previous night. Accordingly, there is no basis to suppress the evidence seized from the ensuing search.

## III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Defendant, Harry Bacon, Jr.'s Motion to Suppress (ECF No. 17) be DENIED.

DONE AND SUBMITTED at Key West, Florida, this 25th day of September, 2016.

                                                    LURANA S. SNOW
                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

SAUSA Mark Wilson (KW)
AFPD Michael Spivack (FTL)